IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ALBERT E. BROOKE,                  :
                 Petitioner,       :        1:17-cv-0909
                                   :
        v.                         :        Hon. John E. Jones III
                                   :
COMMONWEALTH OF                    :
PENNSYLVANIA, *et al.*,            :
                 Respondents.      :

## MEMORANDUM

**November 2, 2017**

Albert E. Brooke ("Brooke") initiated the instant petition for writ of habeas

corpus pursuant to 28 U.S.C. § 2254, on May 23, 2017. (Doc. 1). On June 9,

2017, an Order issued directing Respondents to submit a memorandum concerning

the timeliness of the petition. (Doc. 6). Respondents filed a timely Response on

July 21, 2017. (Doc. 13). The issue of the timeliness of the petition is ripe for

disposition and, for the reasons set forth below, the petition will be dismissed as

untimely.

## I.    Background

On August 11, 2004, Brooke entered a plea of *nolo contende*re to one count

of Aggravated Indecent Assault in violation of 18 PA.C.S.A. § 3125, two counts of

Corruption of Minors in violation of 18 PA.C.S.A. § 6301, and two counts of

Endangering the Welfare of a Child in violation of 18 PA.C.S.A. § 4304, in Court

of Common Pleas of Carbon County criminal case CP-13-CR-0000128-2003, and was sentenced to "20 years special probation 8 years state prison."  (Doc. 1, p. 1; Doc. 13, p. 1).  According to the electronic docket found at

https://ujsportal.pacourts.us, this plea set off years of post-plea motions.  (*See* Court of Common Pleas of Carbon County criminal case CP-13-CR-0000128-2003 (hereinafter "Carbon County Electronic Docket") pp. 40, 60)).  Upon conclusion of the post-plea motions, Brooke pursued a direct appeal to the Pennsylvania Superior Court, which affirmed the judgment of conviction on March 1, 2007.  (*Id.* at 62). He did not appeal to the Pennsylvania Supreme Court.

He filed a Post Conviction Relief Act ("PCRA") petition pursuant to 42 PA. CONS. STAT. §§ 9541-46, on May 21, 2017.  (Carbon County Electronic Docket, p. 63).  The petition was amended on November 6, 2007.  (*Id.* at 64).  On November 6, 2008, following a hearing, the PCRA court denied relief.  (*Id.* at 67). Brooke appealed to the Superior Court and, on May 6, 2010, the Superior Court affirmed the PCRA court's denial of relief.  (*Id.* at 69).

On April 25, 2011, based on a motion to revoke the term of special probation, the trial court modified Brooke's sentence.  (*Id.* at 74).  He pursued an appeal of the modification of sentence on July 18, 2011.  (*Id.* at 77).  On October 14, 2011, the Superior Court quashed the appeal as untimely.  (*Id.* at 82).  This was followed by the filing of a PCRA, which granted Brooke, *nunc pro tunc*, the ability

to appeal the modification of his sentence. (*Id.* at 86). Brooke appealed and, on June 28, 2013, the Superior Court affirmed the modification of sentence. (*Id.* at 91). On November 4, 2013, the Supreme Court denied his petition for allowance of appeal. (*Id.*)

On May 23, 2017, he initiated federal habeas proceedings. (Doc. 1).

## II.    <u>Discussion</u>

The court shall "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). *See* 28 U.S.C. § 2244(d) (1). Specifically, a state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> . . .

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); *see Jones v. Morton*, 195 F.3d 153, 157 (3d Cir. 1999).

Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. *See Nara v. Frank*, 264 F.3d 310, 314 (3d Cir. 2001).

Brooke was sentenced on August 11, 2004. His direct appeal proceedings concluded with the Superior Court's March 1, 2007 decision. He did not appeal to the Supreme Court. Consequently, his sentence became final thirty days later, on March 31, 2007. The one-year statute of limitations period commenced running as of that date and expired one year later. Hence, the present petition, filed on May 23, 2017, is patently untimely.

The Court's analysis does not end here; consideration of both statutory and equitable tolling must be undertaken.

### A.    Statutory Tolling

Section 2244(d)(2) tolls the one year statute of limitations with respect to the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The Third Circuit Court of Appeals has defined "pending" as the time during which a petitioner may seek discretionary state court review,

whether or not such review is sought. *Swartz v. Meyers*, 204 F.3d 417 (3d Cir. 2000).

Brooke successfully tolled the statute of limitations on May 21, 2007, with the filing of his first PCRA petition. At that point, approximately 52 days of the one year limitations period had elapsed. The statute remained tolled until the conclusion of his PCRA proceedings on May 6, 2010. The statute commenced running on that date and expired 313 days later. Brooke was required to file his petition in federal court within 313 days of the conclusion of the PCRA proceedings. He failed to accomplish this in that he did not file his federal petition until May 23, 2017, approximately 2575 days after his PCRA proceedings concluded. Brooke fares no better if the Court liberally calculates the statute of limitations from the conclusion of Brooke's modification of sentence proceedings. Approximately 1288 days passed between the conclusion of those state court proceedings and the commencement of these federal habeas proceedings, well beyond the 313 days that remained. Application of statutory tolling does not rescue Brooke's untimely petition.

## B.    Equitable Tolling

"Equitable tolling of the limitations period is to be used sparingly and only in "extraordinary" and "rare" circumstances. *See Satterfield v. Johnson*, 434 F.3d 185, 195 (3d Cir. 2006); *LaCava v. Kyler*, 398 F.3d 271, 274-75 (3d Cir. 2005). It

is only in situations "when the principle of equity would make the rigid application of a limitation period unfair" that the doctrine of equitable tolling is to be applied. *See Merritt v. Blaine*, 326 F.3d 157, 168 (3d Cir. 2003). Generally, a litigant seeking equitable tolling must establish two elements: (1) that he has been pursuing his rights diligently; and (2) that some extraordinary circumstance stood in his way." *Pace*, 544 at 418.

With respect to the diligent pursuit of rights, he must demonstrate that he exercised reasonable diligence in investigating and bringing the claims. *See Robinson v. Johnson*, 313 F.3d 128, 142 (3d Cir. 2002). Mere excusable neglect is not sufficient. *See LaCava*, 398 F.3d at 276. Moreover, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." *Warren v. Garvin*, 219 F.3d 111, 113 (2d Cir. 2000) (quoting *Smith v. McGinnis*, 208 F.3d 13, 17 (2d Cir. 2000)).

Extraordinary circumstances have been found where (1) the respondent has actively misled the petitioner, (2) the petitioner has in some extraordinary way been prevented from asserting his rights, (3) the petitioner has timely asserted his rights mistakenly in the wrong forum, *see Jones*, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, *see Brinson v. Vaughn*, 398 F.3d 225, 230 (3d Cir. 2005). Significantly, even where extraordinary circumstances exist, "[i]f the person seeking equitable

tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." *Brown v. Shannon*, 322 F.3d 768, 773 (3d Cir. 2003) (quoting *Valverde v. Stinson*, 224 F.3d 129, 134 (2d Cir. 2000)).

Brooke does not contend that he diligently pursued his rights and has fails to demonstrate the presence of circumstances beyond his control that prevented him from complying with the federal habeas statute. There is no indication that he was actively misled, that he was in some extraordinary way prevented from asserting his rights, that he timely asserted his rights mistakenly in the wrong forum or that he was misled by the state court regarding the steps that he needed to take to preserve his claims. Hence, equitable tolling of the AEDPA statute of limitations is not warranted in this case.

## III. <u>Conclusion</u>

For the reasons set forth above, the petition for writ of habeas corpus will be dismissed as untimely.

## IV. <u>Certificate of appealability</u>

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant

has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322 (2003). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Here, jurists of reason would not find the procedural disposition of this case debatable. Accordingly, no COA will issue.

An appropriate order will enter.